RJT INVESTMENTS X, LLC, RANDALL J. THOMPSON, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
RJT Invs. X, LLC v. Comm'r
Docket No. 11769-05.
United States Tax Court
2006 U.S. Tax Ct. LEXIS 40; June 6, 2006, Entered
RJT Invs. X, LLC v. Comm'r, 2006 U.S. Tax Ct. LEXIS 39 (T.C., Apr. 18, 2006)
*40 David Laro, Judge.
David Laro
DECISION
By way of an Order dated April 18, 2006, the Court granted respondent's motion for summary judgment disposing of all issues in this case. By way of an Order dated April 19, 2006, the Court directed the parties to submit to the Court for filing a signed decision document or, if unable to agree on such a document, their respective computations for entry of decision. On May 18, 2006, the Court filed respondent's computation for entry of decision. On May 23, 2006, the Court filed petitioner's computation for entry of decision. On May 26, 2006, the Court filed petitioner's objection to respondent's computation for entry of decision. Upon due consideration of this matter, it is
ORDERED AND DECIDED that the following are determined as to petitioner's 2001 taxable year:
Partnership Item
As Reported
As Determined
Capital contribution
$1,080,008
-0-
Portfolio income
206
-0-
Net short-term
capital loss
12,415
-0-
Deductions related to
portfolio income
81,040
-0-
Investment income included
in portfolio income
206
-0-
Distribution of money
986,759
-0-
Investment expenses
included in deductions
related to portfolio
income
81,040
-0-
It is further determined that RJT Investments X, LLC was a sham, *41 lacked economic substance, and was formed and/or availed to overstate artificially the basis of the interest of Randall Thompson in RJT Investments X, LLC in the amount of $22,006,759 for purposes of tax avoidance. Therefore, RJT Investments X, LLC is disregarded for Federal income tax purposes.
It is further determined that the 40-percent gross valuation misstatement penalty under section 6662(a), (b)(3), (e), and (h), I.R.C., applies to any underpayment of tax attributable to any gross valuation misstatement resulting from adjustments of the above partnership items.
It is further determined that the 20-percent penalty shall be imposed on any additional underpayment of tax attributable to negligence or disregard of rules and regulations as provided by section 6662(a), (b)(1), and (c), not attributable to any gross valuation misstatement.
/s/ David Laro
David Laro
Judge
ENTERED: JUN 6 2006